**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0003n.06

**Case No. 17-3521**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. J. LYNN ROYCROFT, | ) ) ) | **FILED** |
| *Relator –Appellant,* | ) ) | Jan 03, 2018 DEBORAH S. HUNT, Clerk |
| v. | ) ) | |
| GEO GROUP, INC.; CORNELL COMPANIES LLC, dba Cornell Abraxas Ohio; CORNELL ABRAXAS GROUP, INC.; CORRECT CARE, LLC; CORNELL CORRECTIONS MANAGEMENT, LLC, | ) ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| *Defendants –Appellees.* | ) | OPINION |

BEFORE: COLE, Chief Judge; McKEAGUE and STRANCH, Circuit Judges.

COLE, Chief Judge. J. Lynn Roycroft, a former clinical supervisor at a drug and alcohol residential treatment center operated by the defendants (collectively, "Geo Group"), alleges that Geo Group presented false claims for payment to Ohio Medicaid. As part of the fraudulent billing scheme, Geo Group allegedly submitted claims billing for services that were not provided and making implied false certifications of compliance with statutory and regulatory requirements. Roycroft, as a relator in this action, maintains that this conduct violated the False Claims Act, 31 U.S.C. § 3729 *et seq.* The district court dismissed Roycroft's complaint with prejudice for failure to plead with particularity the submission of at least one representative false claim, as required by Federal Rule of Civil Procedure 9(b). We affirm.

## I. BACKGROUND

Geo Group operates a residential treatment center for drug and alcohol addiction in Shelby, Ohio (the "Center"). Roycroft worked as a clinical supervisor at the Center, between May 2008 and March 2009. As part of her duties, she supervised counselor assistants providing counseling services to adolescent males residing at the Center. Those counseling services were documented in progress notes, which Roycroft reviewed and approved before forwarding to the billing department, who then billed Ohio Medicaid.

Roycroft alleges that, at least during the nine months she was employed, Geo Group submitted false claims to Ohio Medicaid as part of a fraudulent billing scheme. The alleged scheme involved two types of fraud.

First, Geo Group billed for group counseling services that were not provided. Group counseling services, including morning, evening, and closure group, as well as moral inventory, were bundled as a three-hour unit and billed to Medicaid each day for each adolescent undergoing treatment. One month before leaving the Center, Roycroft learned that evening group was either being infrequently or only partially provided, and that closure group had not historically been provided because there was no time in the schedule. During the course of her employment, Roycroft also learned that group counseling services more generally were being used for noncounseling activities, including snack time, chores, and watching television.

Second, Geo Group made implied false certifications of compliance with various statutory and regulatory requirements. It did so by submitting claims using payment codes and identification numbers that conveyed certain information without disclosing that it (1) did not provide the required twenty hours per week of alcohol and drug addiction services for residential treatment facilities; (2) improperly documented group counseling services; and (3) administered group counseling sessions performed by unqualified personnel.

Roycroft identifies seven claims allegedly representative of the fraudulent billing scheme. Each claim is alleged in the same fashion, varying only in the use of names and claim numbers: "A claim submitted to Medicaid for counseling services provided by Rebecca A. Wagers, CDCA, to client C.R. (000001056) on September 20, 2008." (Am. Compl., R. 11, PageID 64 ¶ 72.a.)

## II. PROCEDURAL HISTORY

Roycroft brought this action as a relator under the False Claims Act, 31 U.S.C. § 3729 *et seq.* In the complaint, as amended, she alleges that Geo Group violated the False Claims Act by presenting false claims, § 3729(a)(1)(A) (Count I); and failing to reimburse the government for overpayments from those claims, § 3729(a)(1)(G) (Count II).[1] The government declined to intervene.

Geo Group filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). The district court granted Geo Group's motion and dismissed the complaint with prejudice, finding that the complaint failed to plead the presentment of at least one representative false claim with the degree of particularity required under Rule 9(b). Roycroft timely appealed.

## III. ANALYSIS

### A. First Amended Complaint

#### 1. Standard of Review

We review de novo the district court's grant of a motion to dismiss for failure to comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *United*

---

[1] We do not consider the false-records claim under § 3729(a)(1)(B), which also appears in Count I, because Roycroft premises her arguments on the presentment of false claims, not the making of separate false records or statements material to those claims.

*States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007). Rule 9(b) requires a plaintiff to state with particularity the circumstances constituting fraud—i.e., the who, what, when, where, and how of the alleged fraud. *See Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006); Fed. R. Civ. P. 9(b). In reviewing the district court's order, we must construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff. *See United States ex rel. v. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008).

### 2. Presentment of False Claims

Roycroft argues that Geo Group presented false claims to Ohio Medicaid, in violation of § 3729(a)(1)(A). Section 3729(a)(1)(A) imposes civil liability on "any person who . . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." A claim under § 3729(a)(1)(A), commonly referred to as a presentment claim, requires proof that the false claim was in fact "presented" to the government. *United States ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 445 (6th Cir. 2008). At the pleadings stage, this requirement is satisfied so long as the relator pleads the presentment of at least one representative false claim with particularity in compliance with Rule 9(b). *Bledsoe*, 501 F.3d at 510–11.

Roycroft sufficiently alleges many of the required particulars. In the complaint, she details a fraudulent billing scheme, whereby Geo Group submitted claims to Ohio Medicaid that (1) improperly billed for group counseling services and (2) impliedly made false certifications of compliance with various statutory and regulatory requirements. And Roycroft identifies seven claims allegedly representative of that scheme. The allegations pertaining to the seven claims sufficiently identify who provided the services, to whom those services were provided, and when

the bills were submitted. (*See, e.g.*, *id.* ¶ 72.a. ("A claim submitted to Medicaid for counseling services provided by Rebecca A. Wagers, CDCA, to client C.R. (000001056) on September 20, 2008.").)

Presentment of those representative claims to Ohio Medicaid is not disputed. The actual invoices for the claims referenced in the complaint were attached to Geo Group's reply in support of its motion to dismiss. Although we do not ordinarily consider such integral documents when attached to a reply, as opposed to a motion to dismiss, doing so here would not result in unfairness to Roycroft who herself presses for their consideration on appeal. *See Brown v. Daniels*, 128 F. App'x 910, 913 (3d Cir. 2005); *see also Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Those invoices reveal—and Geo Group does not dispute—that six of the seven claims were billed to Medicaid. Notwithstanding the parties' arguments to the contrary, this court's decision relaxing the pleading requirements for showing that a claim was submitted under certain limited circumstances is therefore inapposite. *See United States ex rel. Prather v. Brookdale Senior Living Cmtys., Inc.*, 838 F.3d 750, 769 (6th Cir. 2016).

But the allegations are flawed in their failure to identify what is false in the representative claims, so as to connect the claims to the broader scheme. *See Bledsoe*, 501 F.3d at 510. Roycroft does not allege that each and every claim was false in the same respect, as may otherwise be sufficient. *See, e.g.*, *United States ex rel. McDonough v. Symphony Diagnostic Servs., Inc.*, 2012 WL 628515, at *9 (S.D. Ohio Feb. 27, 2012). Instead, she alleges a laundry list of prohibited conduct, "at least one or more" of which rendered false or fraudulent the claims involved in the scheme. (*Id.* ¶ 48.) In such circumstances, a relator must specify what is purportedly false in a representative claim.

The allegations fall short of this requirement. As Roycroft points out, the two paragraphs immediately preceding the representative claims purport to define what is false in the claims. But those allegations speak in generalities, not specifics. In the first paragraph, she alleges that the claims improperly billed for "treatment services," but she does not specify which of those services were improperly billed in the representative claims—i.e., whether it was morning, evening, or closure group. (*Id.* ¶ 70.) And in the second paragraph, she alleges that the claims failed to disclose Geo Group's "many violations" of treatment, staff, and licensing requirements, but she does not specify which of those many violations apply to the representative claims. (*Id.* ¶ 71.)

Roycroft cannot cure these deficiencies by narrowing the scope of the allegations through her briefing. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). In her briefing, Roycroft asks this court to focus on one category of improperly billed services referred to as closure group to the exclusion of all others—what she refers to as the "main express falsehood." (Relator Br. 16.) Geo Group's failure to historically provide this service, she contends, rendered every identified claim false in the same respect. But Roycroft alleges more than one express falsehood. And we cannot infer the various reasons why the identified claims are false based on the appellant's mere say-so in her briefing. Nor can we discern the falsity of the claims from the face of the invoices themselves. In a multifaceted scheme such as this one, the failure to allege which facet of the broader scheme is implicated in a representative claim fails to give defendants fair notice of the specific conduct with which they are charged. *See Sanderson*, 447 F.3d at 877.

The need for specificity is especially acute in this case. Many of the allegations involve fraudulent conduct taking place several months after the identified claims were submitted. For

example, Roycroft alleges that she learned in February 2009 that evening group was being infrequently or only partially provided, but she does not allege whether that was the case in September 2008, when the identified claims were submitted.  Nor does she specify what portion, if any, of evening group—or group counseling services more generally—was improperly billed in the identified claims.  *See, e.g.*, *Bledsoe*, 501 F.3d at 512–13 (holding that a relator alleging the submission of allegedly inflated cost reports to Medicare must identify how much they were inflated).

Accordingly, Roycroft fails to plead a presentment claim with the requisite particularity under Rule 9(b).

### 3.  Failure to Reimburse Overpayments

Roycroft also contends that Geo Group failed to reimburse overpayments from the allegedly false claims presented to Ohio Medicaid, in violation of § 3729(a)(1)(G).  That section imposes civil liability on "any person who . . . knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government," including for obligations "arising . . . from the retention of any overpayment."  *Id.*; § 3729(b)(3).  A claim under § 3729(a)(1)(G) requires a relator to "allege facts that show defendants received overpayments from the government and failed to refund those payments."  *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 916 (6th Cir. 2017).  Because Roycroft's claim is, as she concedes, dependent on the viability of her presentment claim, it fails for the same reasons she fails to plead a presentment claim.

### B. Leave to Amend

In the alternative, Roycroft argues that the district court abused its discretion in dismissing her complaint with prejudice, instead of granting leave to file an amended complaint. We disagree.

While a district court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), the district court must have before it the substance of the proposed amendment to determine whether "justice so requires." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017). In applying this rule, we have held that a district court does not abuse its discretion where, as here, the plaintiff never sought leave to amend. *Islamic Ctr. of Nashville v. Tennessee*, 872 F.3d 377, 387 (6th Cir. 2017); *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991). And we have applied this holding in affirming a district court's failure to sua sponte grant leave to amend a complaint that, like here, was dismissed for failure to comply with Rule 9(b). *See CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW)*, 645 F.3d 785, 795 (6th Cir. 2011).

Roycroft nonetheless contends that we announced a contrary rule in *Newberry* when we stated that "dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment," notwithstanding a plaintiff's failure to seek leave to amend. *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015) (internal marks and citation omitted). This broad statement, however, was appropriate due to the particular facts of that case. The plaintiff in *Newberry* attached a ten-page affidavit in support of his opposition to a motion to dismiss, which contained "significantly greater detail" demonstrating a "reasonable probability" that the complaint, if amended, could withstand scrutiny under Rule 9(b). *Id.* at 645. The district court therefore had before it all that was needed to determine whether leave to amend was warranted. *See Islamic Center of Nashville*,

872 F.3d at 387 n.7 (noting that "[t]he problem with the lack of a motion or proposed amendment" is that "it is impossible for the district court to determine whether leave to amend should have been granted").

In contrast, Roycroft failed to identify what she might plead to save her claim below or on appeal. Instead, she relies on a bare request for another opportunity to do so. Such a request is insufficient when made before a district court and it is insufficient here. *See Louisiana Sch. Employees' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) ("[A] bare request in an opposition to a motion to dismiss . . . is not a motion to amend." (internal marks and citation omitted)).

## IV. CONCLUSION

We affirm the judgment of the district court.